**E-FILED**
Wednesday, 28 January, 2015  11:08:42 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SIDNEY LEE DEFFENBAUGH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 14-1372 |
| ) | |
| JEFF KRUEGER, Warden, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

This matter is before the Court on Petitioner, Sidney Lee Deffenbaugh's ("Deffenbaugh"), Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Petition for Writ of Habeas Corpus [1] is DENIED.

### Factual and Procedural Background

Following his conviction for being a felon in possession of a firearm in the United States District Court for the Southern District of Iowa, Deffenbaugh was sentenced to 84 months' imprisonment. He has a projected release date of September 2, 2015, based on the amount of good conduct time that he has earned.

Deffenbaugh filed this Petition alleging that the Bureau of Prisons ("BOP") has wrongfully awarded him only six months of placement in a Residential Reentry Center ("RRC") rather than the maximum 12 months allowed under the Second Chance Act. The Government has filed its response, and this Order follows.

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of her confinement. Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3).

Initially, there is some disagreement among the district courts in the Seventh Circuit as to whether a habeas corpus petition is the proper vehicle to make a claim regarding halfway house placement. *See* Woolridge v. Cross, 2014 WL 4799893 (S.D.Ill. Sept. 26, 2014)(finding that claim must be brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)); Stokes v. Cross, 2014 WL 503934, at *2 (S.D.Ill. Feb. 2014)(same); Moody v. Rios, 2013 WL 5236747 (C.D.Ill. Sept. 17, 2013)( finding that halfway house placement can be addressed under §2241); Feazell v. Sherrod, 2-1- WL 5174355 (S.D.Ill. Dec. 16, 2010)(same); Pence v. Holikna, 2009 WL 3241874 (W.D.Wis. Sept. 29, 2009)(same).

Requests for quantum change in the level of custody, such as outright freedom, probation, etc., are typically brought as habeas corpus actions, while requests for a change in the circumstances of confinement are typically brought as civil rights actions. Graham v. Broglin, 922 F,2d 379, 381 (7th Cir. 1995). "Put differently, if the prisoner is not seeking release, or release is not available as a remedy to the prisoner's claims, then 'his challenge can only concern the conditions of his confinement ... not the fact of his confinement. As

2

such, he may not proceed with a habeas petition.'" Stokes v. Cross, 2014 WL 503934, at *2 (S.D.Ill. Feb. 2014), *citing* Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005).

Here, outright release is not an option. In fact, Deffenbaugh does not even request release. Rather, he asks that he be assigned to serve the remainder of his term at an RCC instead of the six months recommended by the BOP. This would appear to be more like the challenges to requests for work release, transfer between prisons, or changes in housing quarters that have been held to constitute civil rights actions as opposed to habeas corpus proceedings. Pischke v. Litscher, 178 F.3d 497,499 (7th Cir. 1999); Falcon v. U.S. BOP, 52 F.3d 137, 138 (7th Cir. 1995); Adams v. Beldsoe, 173 Fed.Appx. 483, 484 (7th Cir. 2006). However, assuming arguendo that Deffenbaugh may proceed under § 2241 and that the Court has jurisdiction to consider his petition, he is still not entitled to the relief sought.

Under the Second Chance Act, 18 U.S.C. § 3624(c), the Bureau of Prisons ("BOP") has the authority to place inmates in community confinement facilities during the final portion of their sentences for up to 12 months. Specifically:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

Id. Deffenbaugh contends that the BOP is violating § 3624(c) by authorizing only a six month placement in a halfway house, claiming that he is entitled to the full 12 months as a result of his health/medical issues and lack of financial or familial support to assist him with reintegration.

3

However, Deffenbaugh's interpretation of the Second Chance Act is simply incorrect. The language of the statute clearly establishes that inmates are not entitled to the full 12 months of placement in a halfway house. Section 3624(c) requires only that "to the extent practicable," the BOP must allow an inmate to spend "a portion of the final months" of his term under conditions that will allow him to prepare and adjust for reentry into the community. Id. The language is discretionary, and there is simply no guarantee to placement for the maximum amount of time available. *See also*, Olim v. Waukinekona, 461 U.S. 238, 245 (1983)(holding that a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request.)

The amount of time to be allocated to each inmate is left to the considerable discretion of the BOP. Pence v. Holinka, 2009 WL 3241874, at *1 (W.D.Wis. Sept. 29, 2009), *citing* Sessel v. Outlaw, 2009 WL 1850331, at *4 (E.D.Ark. 2009); Woods v. Wilson, 2009 WL 2579241, at *2 (N.D.Ill. Aug. 19, 2009); Daraio v. Lappin, 2009 WL 303995 (D.Conn. Feb. 9, 2009) (BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed in a halfway house.) In exercising this discretion, the BOP must make decisions on an individual basis considering the factors listed in 18 U.S.C. § 3621(b) in an effort to "ensure that placement in a community correctional facility . . . is . . . of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). Factors to be considered are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the

4

sentence was determined to be warranted or recommending a specific type of facility; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b). These statutory provisions are echoed in the BOP's promulgated rules set forth at 28 CFR §§ 570.20-21.

In considering Deffenbaugh's eligibility for community confinement placement, the record reveals that his Unit Team determined that six months' placement was sufficient to provide the greatest likelihood for his successful reintegration into the community due to the resources available to him. Deffenbaugh's Unit Manager, Patrice Bates, considered that Deffenbaugh was convicted of a serious offense that occurred under violent circumstances. Although he had already completed the mock job fair and drug abuse program, his history and characteristics indicated that he could benefit from additional programming at FCI Pekin in areas such as job skills, health wellness, and anger management. The Unit Manager discounted his claims that he required surgery on his back before he could be employed given the fact that he was currently working at FCI Pekin and had worked throughout his incarceration and the lack of any documentation from health services indicating a need for back surgery.

For these reasons, the record supports the conclusion that the BOP followed the provisions of the statute and considered the relevant factors in making its assessment. "If the [BOP] considers the relevant factors in making its determination, a challenge . . . could not succeed unless the plaintiff could show that the decision was arbitrary, capricious, or otherwise an abuse of discretion, a difficult standard for the plaintiff to meet." Woods, 2009 WL 2579241, at *2, *citing* Tristano v. Federal Bureau of Prisons, 2008 WL 3852699, at *1 (W.D.Wis. 2008).

It is not the role of this Court to conduct an independent review of the § 3621(b) factors and make a de novo determination as to Deffenbaugh's placement in a halfway house.  Rather, the BOP's decision as made by his Unit Team is entitled to deference so long as it is not arbitrary, lacking any rational basis, or otherwise contrary to the requirements of the statute.  Deffenbaugh has not shown that the BOP's decision in his case implicates any of these concerns, and his bald disagreement with the outcome is insufficient.  His request for relief pursuant to § 2241 must therefore be denied.

## Conclusion

For the reasons set forth above, the Petition for Writ of Habeas Corpus [1] is DENIED, and this matter is now TERMINATED.

ENTERED this 28th day of January, 2015.

                                                  s/ James E. Shadid
                                                  James E. Shadid
                                                  Chief United States District Judge